**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM A. GRAHAM COMPANY,** d/b/a **THE GRAHAM COMPANY,** : : : **Plaintiff,** : : v. : **CIVIL ACTION NO. 05-cv-612-HB** : **THOMAS P. HAUGHEY, an individual,** : and **USI MIDATLANTIC, INC., a** : corporation, : : **Defendants.** : : | |

**ORDER**

AND NOW, this _____ day of _____, 2006, upon consideration of Plaintiff's Motion to Amend Judgment to Include Postjudgment Interest and supporting memorandum of law, and any opposition filed thereto, it is hereby ORDERED that Plaintiff's motion is GRANTED.

It is FURTHER ORDERED that the Court's Judgment of June 28, 2006 (Docket Entry No. 122) will be amended pursuant to Federal Rule of Civil Procedure 59(e) and 28 U.S.C. § 1961(a)-(b) to include an award of postjudgment interest against defendants USI MidAtlantic, Inc. and against Thomas P. Haughey, each such award to be calculated from the June 28, 2006 original date of entry of judgment to the date of payment of each defendant's judgment, at an annual interest rate of 5.24% compounded annually.

2

An appropriate Amended Judgment reflecting this award of postjudgment interest will be entered.

BY THE COURT:

_____
Harvey Bartle III, C.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM A. GRAHAM COMPANY,** d/b/a **THE GRAHAM COMPANY,**  Plaintiff,  v.  **THOMAS P. HAUGHEY,** an individual, and **USI MIDATLANTIC, INC.,** a corporation,  Defendants. | :<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION NO. 05-cv-612-HB<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## AMENDED JUDGMENT

AND NOW, this _____ day of _____, 2006, pursuant to Federal Rule of Civil Procedure 59(e) and 28 U.S.C. § 1961(a)-(b), it is hereby ORDERED that the Court's Judgment of June 28, 2006 (Docket Entry No. 122) is hereby amended to the following:

(1) judgment is entered in favor of the plaintiff William A. Graham Company and against defendant USI MidAtlantic, Inc. (a) in the amount of $24,612,456, said amount reflecting the verdict of $16,561,230 set forth in the answers of the jury to special interrogatories, and $8,051,266 in prejudgment interest, (b) together with an award of postjudgment interest, to be computed from the June 28, 2006 original date of entry to judgment to the date of payment of this judgment, at an annual interest rate of 5.24% compounded annually; and

(2) judgment is entered in favor of the plaintiff William A. Graham Company and against defendant Thomas P. Haughey (a) in the amount of $3,414,275, said amount reflecting the verdict of $2,297,397 set forth in the answers of the jury to special interrogatories,

and $1,116,878 in prejudgment interest, (b) together with an award of postjudgment interest, to be computed from the June 28, 2006 original date of entry of judgment to the date of payment of this judgment, at an annual interest rate of 5.24% compounded annually.

BY THE COURT:

_____
Harvey Bartle III, C.J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **WILLIAM A. GRAHAM COMPANY,** d/b/a **THE GRAHAM COMPANY,** | : : : : | |
| **Plaintiff,** | : : | |
| v. | : : | CIVIL ACTION NO. 05-cv-612-HB |
| **THOMAS P. HAUGHEY, an individual,** and **USI MIDATLANTIC, INC.,** a corporation, | : : : : : | |
| **Defendants.** | : : | |

**PLAINTIFF'S MOTION TO AMEND
JUDGMENT TO INCLUDE POSTJUDGMENT INTEREST**

Plaintiff William A. Graham Company respectfully moves under Federal Rule of Civil Procedure 59(e) and 28 U.S.C. § 1961(a)-(b) for an amendment to the Court's Judgment of June 28, 2006 (Docket Entry No. 122) to include an award of postjudgment interest against defendants USI MidAtlantic, Inc. and Thomas P. Haughey. The reasons for granting this motion are set forth in the accompanying memorandum of law, which is incorporated herein by reference.

Respectfully submitted,

Dated: July 12, 2006                     WOODCOCK WASHBURN LLP

By:   /s/ David J. Wolfsohn
David J. Wolfsohn (Atty. ID # 57974)
Aleksander J. Goranin (Atty. ID # 92452)
Loretta W. Weathers (Atty. ID # 93913)
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 557-5928

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM A. GRAHAM COMPANY,** d/b/a **THE GRAHAM COMPANY,** | : : : : | |
| **Plaintiff,** | : : | |
| v. | : : | CIVIL ACTION NO. 05-cv-612-HB |
| **THOMAS P. HAUGHEY**, an individual, and **USI MIDATLANTIC, INC.**, a corporation, | : : : : : | |
| **Defendants.** | : : : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND JUDGMENT TO INCLUDE POSTJUDGMENT INTEREST

Plaintiff William A. Graham Company (the "Graham Company") respectfully requests that this Court amend its Judgment of June 28, 2006 (Docket Entry No. 122) to include an award of postjudgment interest against defendants USI MidAtlantic, Inc. and Thomas P. Haughey. The Court's June 28, 2006 Judgment was entered after a jury verdict in the Graham Company's favor, in which the jury awarded $16,561,230 in "profits attributable to infringement" under 17 U.S.C. § 504(b) against USI MidAtlantic, and $2,297,397 in such profits against Mr. Haughey. (Docket Entry Nos. 120-121).

While a final computation of the amount of the postjudgment interest award cannot be completed until the defendants have fully paid their underlying money judgments, the parties and the Court currently have more than adequate information to fashion a directive specifying the exact manner in which postjudgment interest is to be calculated. Section 1961 of Title 28 of the United States Code provides that money judgments entered in federal civil cases should include postjudgment interest on the judgment, to be "calculated from the date of the entry of the

1

judgment" to the "date of payment." 28 U.S.C. § 1961(a)-(b). Section 1961 further provides that the postjudgment interest rate to be applied is the rate "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." *Id.* at § 1961(a). In this case, the relevant rate, as published by the Federal Reserve, is an annual interest rate of 5.24 percent. *See* Exhibit A attached, Federal Reserve Statistical Release H.15, Selected Interest Rates through June 26, 2006 (showing that for the week ending June 23, 2006, the weekly average interest rate for 1-year Treasury constant maturities was 5.24 percent).

Following Section 1961's guidelines, the proposed form of amended judgment would modify the Court's June 28, 2006 Judgment to direct that postjudgment interest be awarded on each defendant's judgment at an annual interest rate of 5.24%, compounded annually. Accordingly, the Graham Company respectfully requests that this Court amend its Judgment to direct that postjudgment interest be awarded in the manner specified in the proposed form of amended judgment.[1]

## ARGUMENT

Section 1961 of Title 28 of the United States Code governs the award of postjudgment interest, and mandates that postjudgment "[i]nterest shall be allowed on any money judgment in

---

[1] The Graham Company has also filed one prior motion to amend the June 28, 2006 Judgment – a Motion to Amend Judgment to Include Prejudgment Interest (Docket Entry No. 123). That Motion seeks an amendment of the judgment to account for interest owed from the time of the defendants' first acts of copyright infringement (in 1992) through June 26, 2006, the day preceding entry of the original judgment.
   Although that Motion has not yet been decided and is currently pending, the Graham Company anticipates that this Court, in all likelihood, may rule on that prior motion for prejudgment interest at the same time as it resolves the instant motion for postjudgment interest, and will enter one amended judgment. Hence, for the Court's convenience, the proposed form of amended judgment accompanying this current Motion is drafted on the assumption that the Court will grant plaintiff's prior prejudgment interest motion as well. The reasons for awarding prejudgment interest are set forth at length in the Graham Company's briefing on its Motion to Amend Judgment to Include Prejudgment Interest. *See* Docket Entry No. 123.

2

a civil case recovered in a district court" 28 U.S.C. § 1961; *see also Skretvedt v. E.I. Dupont de Nemours*, 372 F.3d 193, 216 n.32 (3d Cir. 2004) ("federal law mandates the awarding of post-judgment interest" (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993) (en banc))). Accordingly, the Court's final judgment in this case should include a provision for the award of postjudgment interest to the Graham Company.

Furthermore, Section 1961, in subsections (a) and (b), defines the method of calculating the amount of any postjudgment interest award; it specifies (1) the start and end point of the time period during which postjudgment interest will be owed and (2) the applicable interest rate to be applied during that period. *See id.* at § 1961(a)-(b); *see also Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 838 (1990). With respect to the time period, Section 1961 provides that postjudgment interest "shall be calculated from the date of the entry of the judgment" through "the date of payment." 28 U.S.C. § 1961(a)-(b). Here, judgment was entered on June 28, 2006 (Docket Entry No. 122), commencing the running of the postjudgment interest period, and this period will continue to run until each defendant pays the amount of its underlying judgment. *Cf. Corbett v. Nat'l Prods. Co.*, Civ. No. 94-2652, 1995 U.S. Dist. LEXIS 6425, at *16 (E.D. Pa. May 9, 1995) ("Section 1961 provides for postjudgment interest automatically as a matter of law until the judgment is satisfied."). The proposed form of amended judgment accompanying this Motion follows Section 1961's guidance with respect to the definition of the relevant postjudgment interest period.

As for the applicable interest rate, Section 1961 provides that postjudgment interest is to be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Additionally, the interest "shall be

compounded annually." *Id.* at § 1961(b).  The calendar week preceding the June 27, 2006 Judgment in this case ended on June 23, 2006.  According to Federal Reserve Statistical Release H.15 (Selected Interest Rates) for that period, the average weekly 1-year Treasury rate for the week ending June 23, 2006 was 5.24 percent.  *See* Exhibit A attached.[2]  Following Section 1961's instruction, plaintiff's proposed form of amended judgment uses the rate of 5.24 percent and provides for annual compounding.

In sum, all of the information necessary for specifying the formula to be applied in calculating postjudgment interest in this case is currently available.  Since 17 U.S.C. § 1961 provides for the award of postjudgment interest, the Graham Company respectfully requests that this Court amend its original June 28, 2006 Judgment to include postjudgment interest on the money judgment amounts entered against each defendant, based on the formula prescribed by Section 1961.

## CONCLUSION

For the reasons set forth above, the Plaintiff's Motion to Amend Judgment to Include Postjudgment Interest should, respectfully, be granted.

Respectfully submitted,

Dated: July 12, 2006                               WOODCOCK WASHBURN LLP

By:   /s/ David J. Wolfsohn
David J. Wolfsohn (Atty. ID # 57974)
Aleksander J. Goranin (Atty. ID # 92452)
Loretta W. Weathers (Atty. ID # 93913)
One Liberty Place, 46th Floor
Philadelphia, PA 19103
(215) 557-5928

Attorneys for Plaintiff

---

[2]   The 5.24 percent rate can be found under the column headed "Week Ending Jun 23" and the row titled "U.S. government securities / Treasury constant maturities / Nominal / 1-year."

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2006, a true and correct copy of the foregoing Plaintiff's Motion to Amend Judgment to Include Postjudgment Interest, was served on the following by hand delivery:

>Thomas E. Zemaitis, Esquire
>Pepper Hamilton, LLP
>3000 Two Logan Square
>18th and Arch Streets
>Philadelphia, PA  19103-2799
>
>Attorneys for Defendants

        /s/ David J. Wolfsohn
    David J. Wolfsohn