IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM A. GRAHAM COMPANY | : | CIVIL ACTION |
| v. | : | |
| THOMAS P. HAUGHEY, et al. | : | NO. 05-612 |

MEMORANDUM

Bartle, C.J.                                                November 21, 2007

      Plaintiff brings this motion to preclude defendants from calling three of defendants' clients and an expert witness at the new trial on damages in this copyright infringement action.  None of these witnesses testified at the first trial.  Plaintiff argues that to permit these witnesses to testify for the first time at the second trial would work a manifest injustice.

      We agree insofar as plaintiff seeks to preclude the testimony of defendants' clients.  Defendants report that these clients will testify that their decisions to purchase insurance through USI was not based on or influenced by any language copyrighted by plaintiff and used in USI's insurance proposals.  At the first trial, defendants presented the testimony of USI employees that the copyrighted language was of no importance in selling insurance to their clients.  Now defendants have changed course and wish to strengthen their position through the addition of client testimony.

A bit of history of this action is relevant.  The clients who defendants now seek to call were not listed in defendants' original Rule 26(a) disclosures, their relevant interrogatory answers, or their pretrial memorandum.  Indeed, defendants' expert on commercial insurance for the first trial did not have any contact with defendants' clients and did not rely on any information from them in his written report.  Defendants also resisted plaintiff's efforts to contact their clients and to serve them with subpoenas duces tecum.  In a June 2, 2005 letter from defendants' counsel to plaintiff's counsel, he stated that it was "unnecessary" to "involve USI's clients in this litigation."  Ten days before the first trial, defendants changed their minds and informed plaintiff of their intention to have certain clients testify.  Plaintiff thereafter filed a motion to preclude such testimony, and before the court ruled on the motion, defendants reversed course and agreed that they would not call such witnesses.

Plaintiff had no occasion to depose these clients or to conduct other relevant discovery which may then have been necessary.  Were we to permit these witnesses to testify, plaintiff would certainly be entitled to conduct such discovery.  This undoubtedly would lead to a request by plaintiff for leave to depose other clients of defendants and possibly to obtain a new expert to counter their testimony.  It is clear that a substantial new round of discovery would be required with no quick end in sight.  As expressed by the Court of Appeals for the

Tenth Circuit, "[o]ur [grant of] a new trial was not an invitation to reopen discovery ... and to enlarge trial time unnecessarily through the addition of totally new exhibits and testimony." <u>Cleveland v. Piper Aircraft Corp.</u>, 985 F.2d 1438, 1449 (10th Cir. 1993).

     Accordingly, under the circumstances presented here, the motion of plaintiff will be granted insofar as it seeks to preclude any of defendants' clients from testifying at trial. <u>See</u> <u>id.</u>

     Plaintiff also seeks to prevent defendants from calling a new expert witness in response to plaintiff's damages expert, who testified at the first trial. At this time, defendants do not seek to offer such a witness. Consequently, plaintiff's motion on this point will be denied without prejudice to plaintiff's right to renew the motion if defendants indicate that they will seek to call such a witness.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM A. GRAHAM COMPANY       :      CIVIL ACTION
                                :
          v.                    :
                                :
THOMAS P. HAUGHEY, et al.       :      NO. 05-612
```

ORDER

AND NOW, this      day of November, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of plaintiff William A. Graham Company to preclude defendants from offering the testimony of witnesses who did not testify at the first trial is GRANTED insofar as it seeks to preclude the testimony of any of defendants' clients.  The motion is DENIED without prejudice insofar as it seeks to preclude defendants from offering a new expert witness.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                    C.J.