IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM A. GRAHAM COMPANY        :        CIVIL ACTION
                                 :
         v.                      :
                                 :
THOMAS P. HAUGHEY, et al.        :        NO. 05-612


MEMORANDUM

Bartle, C.J.                                    April 2, 2008

        Plaintiff William A. Graham Company ("Graham"), an
insurance brokerage firm, obtained a judgment against defendants
Thomas P. Haughey ("Haughey"), a former Graham employee, and USI
Midatlantic, Inc. ("USI"), another insurance brokerage firm and
Haughey's current employer, for copyright infringement.  17
U.S.C. § 101, *et seq*.  Now pending before the court is the motion
of Graham to amend the judgment in its favor to include
prejudgment interest.

        Two jury trials have taken place.  At the first trial,
the jury returned a verdict in Graham's favor and awarded damages
in the amount of $16,561,230 against defendant USI and $2,297,397
against defendant Haughey.  The court granted defendants' motion
for a new trial on the applicability of the statute of
limitations and on damages and thereafter granted defendants'
motion for partial summary judgment insofar as Graham sought
damages outside the three year statute of limitations.  17 U.S.C.
§ 507(b).  At the second trial in January, 2008, which was
limited to damages, the jury had before it the following

question:  "What is the amount of profits attributable to
infringement, if any, that each defendant earned on or after
February 8, 2002?"  The jury awarded Graham $1,400,000 in damages
against USI and $268,000 against Haughey.  The court thereafter
entered judgment on the verdict.  No prejudgment interest was
added.

        We must first address the question whether prejudgment
interest is allowable under the Copyright Act, 17 U.S.C. § 101,
*et seq.*  The Act itself is silent on the subject.  Though a few
courts have questioned whether such an award is permissible, most
which have faced the issue have determined that prejudgment
interest may be added under the Copyright Act in appropriate
circumstances.  Compare Broadcast Music, Inc. v. Golden Horse Inn
Corp., 709 F. Supp. 580, 581 (E.D. Pa. 1989) with Polar Bear
Prods., Inc. v. Timex Corp., 384 F.3d 700, 718 (9th Cir. 2004)
(citing Frank Music Corp. v. Metro Goldwyn-Mayer, Inc., 886 F.2d
1545 (9th Cir. 1989)); Kleier Adver., Inc. v. Premier Pontiac,
Inc., 921 F.2d 1036, 1040-41 (C.A.10 (Okl.),1990) and McRoberts
Software, Inc. v. Media 100, Inc., 329 F.3d 557, 572-73 (7th Cir.
2003).  While our Court of Appeals has not had occasion to
resolve the issue, it has reaffirmed in the context of an ERISA
matter the "long-standing rule that, in the absence of an
explicit statutory command otherwise, district courts have broad
discretion to award prejudgment interest on a judgment obtained
pursuant to a federal statute."  Skretvedt v. E.I. DuPont de
Nemours, 372 F.3d 193, 205-06 (3d Cir. 2004) (citing Ambromovage

-2-

v. United Mine Workers, 726 F.2d 972, 981-82 (3d Cir. 1984).  The
better reasoned view, we conclude, is that prejudgment interest
is a remedy available in copyright infringement cases in the
discretion of the court.

We now turn to the question whether an award of
prejudgment interest would be appropriate under the present
circumstances.  We take guidance from the Courts of Appeals for
the Sixth and Ninth Circuits, which have both held that
prejudgment interest should be awarded under the Copyright Act
when doing so would further the statute's purposes.  Robert R.
Jones Associates, Inc. v. Nino Homes, 858 F.2d 274, 282 (6th Cir.
1988) (citing Rodgers v. U.S., 332 U.S. 371 (1947)); Polar Bear,
384 F.3d at 718.  The Court of Appeals for the Ninth Circuit
identified these purposes as "making copyright holders whole and
removing incentives for copyright infringement."  Polar Bear, 384
F.3d at 718.

Defendants contend that there is no justification for
an award of prejudgment interest when, as here, the copyright
owner sought and was awarded only the infringers' profits, rather
than the actual loss it, the copyright owner, suffered.  Under
the Copyright Act, a "copyright owner is entitled to recover the
actual damages suffered by him or her as a result of the
infringement, and any profits of the infringer that are
attributable to the infringement and are not taken into account
in computing the actual damages."  17 U.S.C. § 504(b).  These two
remedies have been described as "two sides of the damages coin –

-3-

the copyright holder's losses and the infringer's gains." Polar Bear, 384 F.3d at 708.  In cases such as this one, where the copyright owner's losses may be difficult to show, or entirely nonexistent, the copyright owner's measure of damages may consist entirely of an infringer's profits.  With an award of defendants' profits, Graham is obtaining a recovery of money which would not have rightfully belonged to it if defendants had not committed copyright infringement.  According to defendants, Graham would thus be receiving a windfall if interest is added since it is not being compensated for the loss of the use of its own funds.  John G. Danileson, Inc. v. Winchester-Conant Properties, Inc., 322 F.3d 26, 51 (1st Cir. 2003); Murray v. Shaw Industries, Inc., 990 F. Supp. 46, 48 (D. Mass. 1997).

        We agree that prejudgment interest on an infringer's profits cannot be justified on the ground that it is necessary to make Graham whole.  Prejudgment interest, however, has another compelling purpose, as identified by the court in Polar Bear.  An award of such interest counters the incentives of those who engage in copyright infringement and prevents unjust enrichment on the part of the infringer.

        Defendants maintain that the judgments against them are sufficiently high so as to deprive them of any benefits from their infringement, and there is no equitable basis to increase the amount of the judgment by adding prejudgment interest. Drawing on Whelan Associates v. Jaslow Dental Laboratory, Inc., defendants further argue that prejudgment interest on the damage

-4-

award should only be granted if "exceptional circumstances" such
as bad faith, are present.  609 F. Supp. 1325 (E.D. Pa. 1989).

        Graham counters that the purpose of permitting a
plaintiff to seek the infringer's profits as a measure of damages
under the Copyright Act is to force the infringers to disgorge
any gains wrongfully obtained as a result of engaging in
copyright infringement.  According to Graham, failing to award
prejudgment interest would allow the defendants to benefit from
what was, in essence, an interest-free loan on their wrongfully
obtained profits, and equity demands that defendants disgorge
that as well.  In support of this argument, Graham quotes from an
opinion from the Court of Appeals for the Ninth Circuit:

> Awarding prejudgment interest on the
> apportioned share of defendant's profits is
> consistent with the purposes underlying the
> profits remedy.  Profits are awarded to the
> plaintiff not only to compensate for the
> plaintiff's injury, but also and primarily to
> prevent the defendant from being unjustly
> enriched by its infringing use of the
> plaintiff's property.  For the restitutionary
> purpose of this remedy to be served fully,
> the defendant generally should be required to
> turn over to the plaintiff not only the
> profits made from the use of his property,
> but also the interest on these profits, which
> can well exceed the profits themselves.
> Indeed, one way to view this interest is as
> another form of indirect profit accruing from
> the infringement, which should be turned over
> to the copyright owner along with other forms
> of indirect profit.

Frank Music, 886 F.2d at 1552.  Graham also urges that there need
not be exceptional circumstances to justify an award of

prejudgment interest, and in the alternative that those circumstances exist in this case.

Under the facts presented here, we agree that an award of prejudgment interest against defendants would be appropriate to effectuate the purpose of the Copyright Act to remove incentives for copyright infringement.  Such an award is particularly appropriate here where the infringement continued after defendants had notice of this lawsuit and where defendants stipulated at the first trial that their copyright violation was "willful" for purposes of the prejudgment interest issue.

The next step is the calculation of the prejudgment interest.  First, we must determine what interest rate to apply.  "In federal question cases, the rate of prejudgment interest is committed to the discretion of the district court."  Sun Ship, Inc. v. Matson Navigation Co., 785 F.2d 59, 63 (3d Cir. 1986); Skretvedt, 372 F.3d at 208.  Graham suggests that the average annual prime rate is the appropriate measure.  It argues that the court should use as its benchmark the defendants' cost of borrowing, which Graham maintains is 1.5% to 3% above the prime rate.  Graham reasons that defendants should have to pay this sum because they have had the interest-free use of the their wrongful profits throughout the damages period and without this profit they would have been required to obtain a bank loan, on which they would have paid interest.  Thus, according to Graham, applying the prime rate to the verdict amounts is an accurate, if

-6-

conservative, estimate of what defendants must pay fully to disgorge their profits.

We disagree.  Instead, we think that a preferable approach is to consider what benefit would accrue to the defendants from the investment of those wrongfully-obtained monies during the damages period.  It is that amount of indirect profit which must be added to the judgment to ensure that defendants disgorge all benefits from their infringement.  To this end, we will apply the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System (the "52-week T-Bill rate").  We do so for two reasons.  First, in the absence of actual evidence of defendants' return on their investments during this period, "using the T-Bill rate permits the Court to avoid the speculation involved with determining whether possibly higher-yielding, but riskier, investments would have been successful ...." Mars, Inc. v. Coin Acceptors, Inc., 513 F. Supp. 2d 128, 136 (D.N.J. 2007). Second, the T-Bill rate is the federal statutory rate used to calculate post-judgment interest.  28 U.S.C. § 1961.  While noting that the rate of prejudgment interest is a matter of the district court's discretion, our Court of Appeals has also stated that "[i]n exercising that discretion, [] the court may be guided by the rate set out in 28 U.S.C. § 1961." Sun Ship, 785 F.2d at 63 (citations omitted).  We consider the T-Bill rate to be a fair approximation of any benefit defendants' obtained from the use of their wrongfully obtained profits during the damages period.

-7-

Finally, we must decide how to calculate the amount of prejudgment interest using the T-Bill interest rate.  The infringement period for purposes of damages began on February 8, 2002.  Relying on calculations by Graham's expert, Dr. Richard Gering, Graham has recommended allocating the total judgment figures for each defendant to the individual years or partial years that comprise the damages period.  At the damages trial Dr. Gering testified that USI earned a total of $7,307,657 and Haughey earned a total of $1,072,330 over the full damages period with respect to the insurance proposals containing infringing language.  Dr. Gering determined what percentage of these totals was earned in each year of the damages period, 2002 through 2005. Dr. Gering has now applied these same percentages to the jury awards of $1,400,000 against USI and $268,000 against Haughey. Having thus allotted the jury verdicts to the separate years from 2002 through 2005, Dr. Gering calculated prejudgment interest for each of the years from 2002 through January 31, 2008.

Defendants take issue with Dr. Gering's method.  They assert that it is inaccurate because there is no way to know whether the jury computed its verdict in the same proportion for each year as Dr. Gering or computed the defendants' infringing profits for each year in the same manner.  While we recognize that Graham's method does require that assumption, we find this method to be sufficiently accurate for the purpose of calculating interest.  Prejudgment interest does not have to be computed with perfect exactitude.  See Skretvedt, 372 F.3d at 208.  Thus, in

-8-

performing our calculation, we will apportion the total verdict amount among the years and partial years of the damages period as done by Dr. Gering.  Having done that, we will multiply the apportioned verdict amount for each year by the T-Bill rate, and add the resultant sums, compounding the interest annually.[1]  This results in an award of prejudgment interest of $209,513 against defendant USI and of $40,814 against defendant Haughey.

Accordingly, the motion of Graham to amend judgment to include prejudgment interest will be granted.  We will enter an amended judgment against defendant USI in the amount of $1,609,513 ($1,400,000 + $209,513) and against defendant Haughey in the amount of $308,814 ($268,000 + $40,814).

---

1.  The calculations provided to the court by both Graham and the defendants all assume that interest will be compounded annually.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM A. GRAHAM COMPANY        :        CIVIL ACTION
                                 :
           v.                    :
                                 :
THOMAS P. HAUGHEY, et al.        :        NO. 05-612

ORDER

        AND NOW, this 2nd day of April, 2008, for the reasons
set forth in the accompanying Memorandum, it is hereby ORDERED
that:

        (1)  the motion of plaintiff William A. Graham Company
to amend judgment to include prejudgment interest is GRANTED;

        (2)  an amended judgment is entered in favor of
plaintiff William A. Graham Company and against defendant USI
MidAtlantic, Inc. in the amount of $1,609,513; and

        (3)  an amended judgment is be entered in favor of
plaintiff William A. Graham Company and against defendant Thomas
P. Haughey in the amount of $308,814.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                    C.J.