IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM A. GRAHAM COMPANY          :          CIVIL ACTION
d/b/a THE GRAHAM COMPANY           :
                                   :
          v.                       :
                                   :
THOMAS P. HAUGHEY AND              :
USI MIDATLANTIC, INC.              :          NO. 05-612


MEMORANDUM

Bartle, C.J.                                          May 12, 2010

          Plaintiff William A. Graham Company ("Graham") moves in

this copyright infringement action to amend the June 28, 2006

judgment in its favor to include prejudgment and postjudgment

interest.[1]

          The facts of this case have been set forth in detail in

previous opinions. See, e.g., William A. Graham Co. v. Haughey,

No. 05-612, 2006 WL 3386672 (E.D. Pa. Nov. 21, 2006) ("Graham

I").  In summary, Graham is an insurance brokerage firm where

defendant Thomas P. Haughey ("Haughey") was employed at one point

as an insurance producer.  Later Haughey went to work for USI

MidAtlantic, Inc. ("USI"), another insurance broker.  The jury

found that USI and Haughey infringed the copyrights of Graham in

_____

1.  The court signed the judgment on June 27, 2006 but it was not
entered on the docket until June 28, 2006.  The parties do not
dispute that postjudgment interest should be awarded at the
annual rate of 5.24%, compounded annually, and should run from
June 28, 2006.

its "Standard Survey and Analysis" and "Standard Proposal" (collectively the "Works").

Graham typically prepares a "survey and analysis" for prospective clients, which evaluates the client's insurance needs and sets forth any gaps in its current coverage. Clients wishing to move forward with the transaction also receive a "proposal," which contains coverage recommendations and price quotes. The "Standard Survey and Analysis" and "Standard Proposal" consist of hundreds of pages contained in two binders. They were derived from what Graham called the "Standard Paragraphs." Employees of Graham used language from the Standard Paragraphs to prepare surveys and analyses and proposals for clients or prospective clients. The Works were created by combining portions of the Standard Paragraphs with new material. They described insurance coverage concepts in lay terms and were instrumental in the sales process.

Haughey took a copy of the Works with him when he left Graham. He and USI then began using the Works in sales presentations to their clients. Their use of Graham's copyrighted material began in 1992 and spanned a thirteen year period. Graham did not know about the use by USI and Haughey of the copyrighted material until November, 2004. It instituted this action shortly thereafter on February 8, 2005.

In June, 2006, the jury returned a verdict in favor of Graham and against USI and Haughey in the amounts of $16,561,230 and $2,297,397, respectively. These sums represent the profits

that USI and Haughey earned as a result of the infringement. They are considered "indirect profits," that is, profits defendants earned by using the copyrighted material to sell another product, insurance. Judgment in accordance with the verdict was docketed on June 28, 2006.

Thereafter, Graham filed a motion to amend the judgment to include prejudgment interest and a separate motion to amend the judgment to include postjudgment interest. In November, 2006, these motions were denied without prejudice. Graham I, 2006 WL 3386672, at *16. At the same time, we granted the motion of the defendants for a new trial under Rule 59 of the Federal Rules of Civil Procedure with respect to issues related to the statute of limitations and damages. Graham I, 2006 WL 3386672, at *15.

The court had previously held that the discovery rule was applicable in deciding when the statute of limitations in a copyright infringement action begins to run. Aug. 15, 2005 Order of Judge Clarence Newcomer (Docket Entry 31). Under the discovery rule, as the Court of Appeals later explained, Graham's "cause of action for each act of infringement did not accrue until Graham discovered, or with reasonable diligence should have discovered, the injury underlying its claim." Graham v. Haughey, 568 F.3d 425, 428 (3d Cir. 2009). Based on our analysis of the trial record, we determined that it was against the great weight of the evidence for the jury to have answered "no" to Special Jury Interrogatory No. 2, which asked whether Graham should have

discovered prior to February 9, 2002 that USI and Haughey were infringing its copyrights. The statute of limitations in copyright cases is three years, and February 9, 2002 was the date three years before the complaint was filed. 17 U.S.C. § 507(b).

After we granted the motion for a new trial, USI and Haughey filed a motion for partial summary judgment on the issues of statute of limitations and damages. William A. Graham Co. v. Haughey, 484 F. Supp. 2d 324, 327 (E.D. Pa. 2007) ("Graham II"). We granted this motion. As a result, Graham was barred from collecting damages for more than the three-year period prior to the institution of suit. Id. We reasoned that storm warnings or suspicious circumstances existed long before February 9, 2002 and that Graham unreasonably failed to investigate whether its copyrights were being infringed. Accordingly, we determined that Graham was precluded "from reaping the tolling benefits of the discovery rule." Id. at 336. We ordered a new trial to decide damages for the three-year period immediately preceding the filing of the complaint. Id. at 327.

The second jury returned a verdict in favor of Graham and against USI in the amount of $1,400,000 and against Haughey in the amount of $268,000. The court entered judgment on this verdict. Thereafter, Graham filed its second motion to amend the second judgment to include prejudgment interest. On April 2, 2008, we granted this motion. William A. Graham Co. v. Haughey, No. 05-612, 2008 WL 910008 (E.D. Pa. Apr. 2, 2008) ("Graham III").

-4-

The Court of Appeals affirmed the application of the discovery rule to determine when a claim for copyright infringement accrues. William A. Graham Co. v. Haughey, 568 F.3d 425 (3d Cir. 2009) ("Graham IV"). However, it reversed our orders granting the motions of USI and Haughey for a new trial and partial summary judgment. It disagreed with our conclusion that storm warnings existed which should have alerted Graham to the infringing activity prior to February 9, 2002. Id. at 441. The amended judgment entered after the second trial, including our award of prejudgment interest, was vacated. The Court of Appeals remanded the action for a determination of the remaining unresolved issues raised by USI and Haughey after the first trial in their motion for judgment as a matter of law, or in the alternative, for a new trial. Id. at 443. On March 19, 2010, we denied the motion of the defendants for a new trial on damages. William A. Graham Co. v. Haughey, No. 05-612, 2010 WL 1137883 (E.D. Pa. Mar. 19, 2010). On March 24, 2010, we reinstated the judgment originally entered on the docket on June 28, 2006.

I.

In our April 2, 2008 Memorandum, we explained that an award of prejudgment interest is available under the Copyright Act, 17 U.S.C. § 101, at the discretion of the court, even though the Act is silent on the issue. Graham III, 2008 WL 910008, at *1. In so holding, we followed the lead of the Seventh, Ninth and Tenth Circuits. McRoberts Software, Inc. v. Media 100, Inc., 329 F.3d 557, 572-73 (7th Cir. 2003); Polar Bear Prods., Inc. v.

-5-

Timex Corp., 384 F.3d 700, 718 (9th Cir. 2004); Kleier Adver., Inc. v. Premier Pontiac, Inc., 921 F.2d 1036, 1040-41 (10th Cir. 1990).  We noted that the Third Circuit, which has not yet addressed the issue, has "reaffirmed in the context of an ERISA matter the 'long-standing rule that, in the absence of an explicit statutory command otherwise, district courts have broad discretion to award prejudgment interest on a judgment obtained pursuant to a federal statute.'"  Graham III, 2008 WL 910008, at *1 (citing Skretvedt v. E.I. DuPont de Nemours, 372 F.3d 193, 205-06 (3d Cir. 2004)).

As set forth in Polar Bear, prejudgment interest in a copyright infringement action is a "generally available remedy, and its application in a particular case hinges on whether such an award would further the statute's purpose."  384 F.3d at 718. An award of prejudgment interest furthers the aims of the Copyright Act when it helps to provide full compensation to the victims of violations of the Act and serves as a deterrent to infringement.  Kleier Adver., 921 F.2d at 1041 (citing Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545 (9th Cir. 1989)).

We exercised our discretion to award prejudgment interest in favor of Graham.  We reasoned that this award was appropriate in light of the defendants' continued infringement of Graham's copyrights after they had notice of this lawsuit and the defendants' stipulation that their infringement was willful. Graham III, 2008 WL 910008, at *3.

Graham contends that the "law of the case" doctrine compels us to grant its motion for an award of prejudgment interest due to our earlier holding that such an award was appropriate in this lawsuit.  See Graham III, 2008 WL 910008. This legal principle "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988) (citing Arizona v. California, 460 U.S. 605, 618 (1983)).  Our Court of Appeals has explained that the doctrine "prevents courts from entertaining endless appeals on the same issue" and, accordingly, it promotes finality and judicial economy.  Pub. Interest Research Group of New Jersey v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997).  The doctrine is discretionary and may be avoided in certain "extraordinary circumstances."  Id.

The defendants argue that the law of the case does not apply because the judgment following the second trial, which includes our April 2, 2008 award of prejudgment interest, was reversed by our Court of Appeals and accordingly nullified.  They also stress that the April 2, 2008 award of prejudgment interest was based on a verdict rendered by a different jury after a trial limited to a different time period.

Regardless of the applicability of the law of the case, we reiterate that an award of prejudgment interest is appropriate here.  As noted above, such an award prevents USI and Haughey

from being unjustly enriched as a result of their willful and continuing infringement of Graham's copyrights.  See Frank Music, 886 F.2d at 1552.  USI and Haughey were required to turn over the indirect profits they earned from the infringement.  As the Court of Appeals for the Ninth Circuit reasoned, it "would be anomalous to hold that a plaintiff can recover, for example, profits derived from the promotional use of its copyrighted material, but not for the value of the use of the revenue generated by the infringement."  Id.  Allowing for prejudgment interest will provide full compensation to plaintiff and act as a deterrent to willful copyright infringement.

    We disagree with USI and Haughey's assertion that prejudgment interest should not be awarded on infringer profits because such profits do not represent losses incurred by the plaintiff as a result of the infringement.  Defendants rely on two dated cases from the Eastern District of Pennsylvania in which prejudgment interest was denied.  While the court in Broadcast Music, Inc. v. Golden Horse Inn Corp., 709 F. Supp. 580 (E.D. Pa. 1989) and Whelan Associates, Inc. v. Jaslow Dental Laboratory, Inc., 609 F. Supp. 1325 (E.D. Pa. 1985) refused to award prejudgment interest in favor of the plaintiff, both of these cases were decided more than twenty years ago.  In the meantime, the law as to awards of prejudgment interest in copyright cases has evolved to allow such interest where it would previously have been disallowed.  See Polar Bear, 384 F.3d at

718; see also Kansas v. Colorado, 533 U.S. 1, 10-11, 13-14 (2001).  We decline to follow Broadcast Music and Whelan.

III.

The next issue to be decided is the date from which prejudgment interest is to be awarded.  Graham submitted the declaration of Dr. Richard J. Gering, Ph.D., a partner with Parente Randolph, LLC's Forensic & Litigation Services Department.  Dr. Gering was retained by Graham as an expert witness on economic damages.  He testified at both trials in this lawsuit.  Dr. Gering calculated the amount of prejudgment interest on the June 28, 2006 judgment.  His calculations assume prejudgment interest runs from January 1, 1992 when the infringement was first occurring through June 26, 2006.  Applying the one-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System to this period, Dr. Gering computed prejudgment interest in the amount of $4,112,859 on the $16,561,230 judgment entered against USI and $570,542 on the $2,297,397 judgment against Haughey.  The parties do not dispute that the one-year constant maturity Treasury yield is the appropriate rate of interest to apply.  Nor do defendants contest Dr. Gering's method of computing the interest due.

Defendants assert, however, that prejudgment interest, if awarded, should only run from the date of accrual of Graham's claim, as opposed to the date of the first infringement.  Both this court and the Court of Appeals have applied the discovery rule under which Graham's claims for infringement did not accrue

until Graham discovered, or should have reasonably discovered, the injury. <u>Graham IV</u>, 568 F.3d at 437. Defendants argue interest should run only from November, 2004, which is the date Graham obtained actual knowledge of the infringement.

The accrual date here, of course, was delayed under the discovery rule. We do not think that the accrual date, which is significant for statute of limitations purposes, is the appropriate point for prejudgment interest to begin when the acts of infringement predate the accrual date and were not discovered and could not have reasonably been discovered before the accrual date. Graham was being harmed before November, 2004 even though it did not know it at the time. Since Graham may recover damages that occurred before the accrual date, we see no reason why prejudgment interest may not be recoverable coincident with those damages. Indeed, denying prejudgment interest for the period prior to the accrual date here would have the effect of benefiting defendants for their willful and surreptitious infringement. <u>See</u> <u>Frank Music</u>, 886 F.2d at 1552.

We are cognizant of the size of the judgments entered against the defendants and the extent to which an award of prejudgment interest running from the date of the first infringement will increase those already large amounts. The defendants go so far as to argue that awarding prejudgment interest on such large judgments amounts to a sanction. We disagree. In this case, the equities require an award of prejudgment interest for the entire infringement period. First,

the defendants engaged in deliberate violations and have so stipulated. Their willful conduct continued after the lawsuit was initiated and after they were on notice of Graham's copyrights in the Works. In addition to their knowing violation of the statute, the defendants destroyed key financial documents that were subject to discovery production pursuant to an Order of this court. This warranted a jury instruction on spoliation. The deliberateness of the defendants' conduct, coupled with their destruction of relevant evidence, weighs heavily in favor of the exercise of our discretion to award prejudgment interest so as to compensate plaintiff fully. In addition, plaintiff has not caused any delay in pursuing its legal rights. The complaint in this lawsuit was filed on February 8, 2005, shortly after the plaintiff discovered in November, 2004 that its copyrights were being infringed. Thus, Graham is not responsible in any way for the lengthy time period for which prejudgment interest is being awarded.

IV.

For these reasons, we will grant the motion of Graham for prejudgment interest in the amount of $4,112,859 against USI MidAtlantic, Inc. and $570,542 against Thomas P. Haughey. We will also grant plaintiff's motion for postjudgment interest at the annual rate of 5.24% to be compounded annually.