IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. GRAHAM COMPANY d/b/a THE GRAHAM COMPANY, | : <br> : <br> : |
| Plaintiff, | : <br> : <br> : |
| v. | :    CIVIL ACTION NO. 05-CV-612 <br> : |
| THOMAS P. HAUGHEY and USI MIDATLANTIC, INC., | : <br> : <br> : |
| Defendants. | : |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S BILL OF COSTS

Defendants USI MidAtlantic, Inc. and Thomas P. Haughey (collectively "Defendants") object to the Bill of Costs filed by Graham. In its Bill of Costs, Graham requests that the Clerk tax $337,262.45 and $17,327 in costs for fees, transcripts, and copying documents. A Bill of Costs, submitted under 28 U.S.C. § 1920, must include sufficient information to determine whether the costs are "necessarily obtained for use in the case." *Montgomery County* v. *Microvote Corp.*, 2004 WL 1087196, at *5 (E.D. Pa. May 13, 2004). A number of these costs are not set forth with sufficient specificity to enable the Clerk's Office to evaluate the reasonableness or purpose of such costs. Accordingly, Graham's request should be denied or reduced by the amounts described herein.

In support of its objections, Defendants state as follows:

1. On October 12, 2006 and June 13, 2011, Graham filed a Bill of Costs requesting that the Clerk's Office tax costs against Defendants totaling $337,262.45 and $17,327, respectively.

2. The October 12, 2006 Bill of Costs requests $129,948.50 paid for printing.

3. The October 12, 2006 Bill of Costs requests $158,581.51 paid for exemplification and copying of documents.

4. Graham's request for $129,948.50 in fees for printing should be denied or greatly reduced. *See* Ex. C-D to Plaintiff's Bill of Costs (Dkt. 154). Graham's requested printing costs are supported by invoices that do not provide any information as to what was printed. *See* Ex. C to Plaintiff's Bill of Costs (Dkt. 154) (providing total and number of pages printed with no description of what was printed); *see also* Ex. D to Plaintiff's Bill of Costs (Dkt. 154) (providing total without any itemization – invoices do not include a description, the number of pages printed, or the price per page of the printing). Nor do they ever seek to distinguish between those costs that are really "necessary" and those that were incurred for counsel's convenience. *Association of Minority Contractors & Suppliers* v. *Halliday Prop., Inc.*, 1999 WL 551903, at *4 (E.D. Pa. June 24, 1999). These costs should not be taxed against Defendants.

5. Graham's request for $158,581.51 in fees for exemplification and copying of documents should be denied or greatly reduced. Copying expenses are recoverable as taxable costs when they are "necessarily obtained for use in the case." *Yudenko* v. *Guarinni*, 2010 WL 2490679, at *1-*2 (E.D. Pa. June 15, 2010). Graham's requested exemplification and copying costs are supported by invoices that do not provide *any* information as to what was copied or any basis for evaluating whether the copying was "necessarily obtained for use in the case." *See* Ex. D & F to Plaintiff's Bill of Costs (Dkt. 154) (listing total cost without providing a description, the number of pages copied, or a price per page). Many do not even include the number of pages copied or the price per page. *See e.g.*, Ex. F to Plaintiff's Bill of Costs (Dkt. 154). These costs should not be taxed against Defendants. *Morgan-Mapp* v. *George W. Hill Correctional Facility*,

-3-

2009 WL 1035141, at *3 (E.D. Pa. Apr. 16, 2009) (disallowing costs for copying where the prevailing party submitted listings which identified the date on which copies were made and the cost of the copies without providing a description of the material copied); *see also Montgomery County*, 2004 WL 1087196, at *5 (reducing taxable fees for copying costs by fifty percent where the prevailing party did not provide a description of the documents that were copied); *Elliott, Reihner, Siedzikoski, & Egan, Inc.* v. *Richter*, 2000 WL 427377, at *4 (E.D. Pa. Apr. 20, 2000) (same)).

      6.    Graham's request for $670 to cover expedited delivery of subpoenas must be denied. *See* Ex. A to Plaintiff's Bill of Costs (Dkt. 154). No information is provided as to the need for expedited deliver or to determine if these costs were solely for the convenience of cousel. *Montgomery County*, 2004 WL 1087196, at *5 (disallowing costs for expedited preparation because the fees "were solely for the convenience of counsel and, therefore," should not be taxed to the prevailing party.).

-4-

WHEREFORE, Defendants request that Plaintiff's Bill of Costs be disallowed or greatly reduced.

Dated: June 24, 2011

Respectfully submitted,

  /s/ Floyd Abrams
Floyd Abrams (*pro hac vice*)
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005
(212) 701-3000

Thomas E. Zemaitis (I.D. No. 23367)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Attorneys for Defendants Thomas P. Haughey and USI MidAtlantic, Inc.