IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM A. GRAHAM COMPANY d/b/a THE GRAHAM COMPANY | : : : | CIVIL ACTION |
| v. | : : | |
| THOMAS P. HAUGHEY, et al. | : | NO. 05-612 |

MEMORANDUM

Bartle, J.  June 30, 2011

    Before the court is the motion of defendants Thomas P. Haughey ("Haughey") and USI MidAtlantic, Inc. ("USI") to stay execution proceedings and to approve the amount of a bond in connection with a civil money judgment. Defendants have also filed an "emergency motion" to stay execution proceedings and to approve bond.

    This is a copyright infringement action under 17 U.S.C. § 101 et seq. instituted against defendants by plaintiff William A. Graham Company ("Graham").[1] On May 16, 2011, the Court of Appeals entered a judgment affirming the judgment of this court in favor of Graham and against the defendants in the amount of $23,542,028 plus postjudgment interest.[2] On June 9, 2011, the

---

1. The long, complex history of this case is set forth in a number of opinions, including Graham v. Haughey, et al., 568 F.3d 425 (3d Cir. 2009) and Graham v. Haughey, et al., No. 10-2762, 2011 WL 1833238 (3d Cir. May 16, 2011).

2. This total represents an award of $16,561,230 plus $4,112,859 in prejudgment interest against USI and an award of $2,297,397 plus $570,542 in prejudgment interest against Haughey. The
(continued...)

Court of Appeals issued a certified copy of its judgment in lieu of a formal mandate and ordered that it be treated in all respects as a mandate. Defendants have now advised this court that they intend to petition the Supreme Court for a writ of certiorari. They seek a stay of execution and approval of a bond until the Supreme Court resolves the matter on the merits or denies the petition for certiorari.

Back at the time of appeal to the Court of Appeals the parties stipulated to the entry of an order staying execution of the judgment upon the posting of a bond in the amount of $24,459,742. This court later entered a second order increasing the bond amount to $30,532,521 to account for additional postjudgment interest. Defendants now request approval of a bond in the amount of $31,192,928 to account for postjudgment interest that has accrued since the last bond was entered.

Defendants first rely on Rule 62(d) of the Federal Rules of Civil Procedure in support of their pending motions. It provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond.... The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

---

2.(...continued)
judgment also includes postjudgment interest to be calculated from June 28, 2006 at an annual interest rate of 5.24% compounded annually.

-2-

Fed. R. Civ. P. 62(d).  According to defendants, this Rule vests in a United States District Court the power to grant a stay of execution of a money judgment, subject only to approval of the bond amount.  The plaintiff counters that the Rule is not applicable to the present situation because it does not involve an appeal but rather a petition for certiorari to the Supreme Court.

Every case cited by defendants in support of their position involves an appeal from a district court to a United States Court of Appeals.  See, e.g., Arban v. West Publ. Corp., 345 F.3d 390, 408-09 (6th Cir. 2003); Donovan v. Fall River Foundry Co., Inc., 696 F.2d 524, 525 (7th Cir. 1982).  Neither Rule 62(d) nor the cases cited by defendants which discuss that Rule address the issue of a stay pending a petition for writ of certiorari to the Supreme Court.  We agree with plaintiff that Rule 62(d) is not applicable here.

Both parties also cite to 28 U.S.C. § 2101(f), which reads:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court.  The stay *may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court*, and may be conditioned on the giving of security, approved by such judge or justice, ....

28 U.S.C. § 2101(f) (emphasis added).

The great majority of courts has interpreted the phrase "the court rendering the judgment or decree" under 28 U.S.C. § 2101(f) to be a reference to the United States Courts of Appeals. See In re Stumes, 681 F.2d 524, 525 (8th Cir. 1982); United States v. Lentz, 352 F. Supp. 2d 718, 726 (E.D. Va. 2005); Brinkman v. Dep't of Corr., 857 F. Supp. 775, 777 (D. Kan. 1994); Studiengesellschaft Kohle, mbH v. Novamont Corp., 578 F. Supp. 78, 79 (S.D.N.Y. 1983); but see Frommert v. Conkright, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009). The only courts within this Circuit to have addressed the issue have concluded that a district court lacks jurisdiction to issue a stay of a judgment of the Court of Appeals pending the filing of a certiorari petition. See Williams v. Kusniar, No. 04-299, 2009 WL 229654, at *1 (W.D. Pa. Jan. 29, 2009); Kurz v. Mairone, No. 86-5587, 1993 WL 21205, at *1 (E.D. Pa. Jan. 28, 1993); Int'l Bhd. of Boilermakers v. Local Lodge 504, No. 87-5689, 1989 WL 49516, at *1 (E.D. Pa. May 8, 1989). Under the plain language of § 2101(f), the "judgment or decree" to be reviewed on defendants' petition for writ of certiorari is that of the Court of Appeals, not the judgment entered by this court. See Int'l Bhd. of Boilermakers, 1989 WL 49516, at *2.

It is one thing for a district court to grant a stay of its own judgment under Rule 62(d) pending the resolution of an appeal to the Court of Appeals. There are cogent reasons why a district court should be able to do so, and the parties agreed to such a stay in this case. See Donovan, 696 F.2d at 525. It is

-4-

quite another thing for this court to grant a motion to stay under the present circumstances.  The district court judgment has been superseded by the judgment of the Court of Appeals, even though the latter affirms the district court judgment in all respects.  The defendants will be asking the Supreme Court to overturn the judgment of the Court of Appeals, not that of the district court.

It is simply not the proper role of a district court to decide whether a judgment of a higher court should be stayed pending possible review by the Supreme Court, and Rule 62(d) and § 2101(f) do not provide the district court with such authority.  See Studiengesellschaft, 578 F. Supp. at 79.  Section 2101(f) and the relevant precedents make it clear that a judge of the Court of Appeals or a justice of Supreme Court must make any stay determination based on all the appropriate factors, including the likelihood that certiorari will be granted and a reversal will occur.  See, e.g., Frommert v. Conkright, 129 S. Ct. 1861, 1861-62 (2009) (Ginsburg, Circuit Justice); Rostker v. Goldberg, 448 U.S. 1306, 1308 (1980) (Brennan, Circuit Justice).

Neither Rule 62(d) of the Federal Rules of Civil Procedure nor 28 U.S.C. § 2101(f) authorizes this court to grant defendants the relief they request.  The motions for a stay and approval of a bond will be denied as outside the jurisdiction of this court.