IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. GRAHAM COMPANY, d/b/a THE GRAHAM COMPANY, **Plaintiff,** v. THOMAS P. HAUGHEY, an individual, and USI MIDATLANTIC, INC., a corporation, **Defendants.** | CIVIL ACTION NO. 05-cv-612-HB |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' OPPOSITION TO PLAINTIFF'S BILL OF COSTS**

Pursuant to the Clerk of Court's letter of June 27, 2011, plaintiff hereby submits its response to defendants' objections to the two bills of costs filed in this matter.

Importantly, defendants do not object to any of the costs claimed for the second trial (the bill of costs filed on June 13, 2011, Docket No. 301). And with respect to the bill of costs for the first trial (Docket No. 153), defendants do not object to most of the categories of costs claimed. Defendants do not, for example, object to the court reporter and deposition fees, the clerk fees, the fees for summons and subpoena, and the fees for courtroom displaying/technology.

Defendants object only to certain of the copying charges and to the $670 that defendants characterize as being "to cover expedited delivery of subpoenas." Defts.' Response ¶¶ 4-6. With respect to the copying charges, defendants argue that insufficient information has been provided about what was copied or printed and that plaintiff has therefore not shown which

fees for "printing" and "making copies of any materials" were "necessarily obtained for use in the case." 28 U.S.C. § 1920 (3) & (4);

As defendants' own authorities provide, plaintiff is only required to provide the "'best breakdown of the copied material obtainable from its records.'" *Montgomery County v. Microvote Corp.*, 2004 U.S. Dist. LEXIS 8611*27 (E.D. Pa. May 13, 2004), *quoting Association of Minority Contrs. & Suppliers v. Halliday Props.*, 1999 U.S. Dist. LEXIS 10328 *4 (E.D. Pa. June 24, 1999). The prevailing party is certainly not "'expected to provide a detailed description of every piece of paper copied . . . .'" *Id.* Plaintiff has easily satisfied this standard.

As explained in the attached declaration of David J. Wolfsohn ("Wolfsohn Decl."), where it was possible to provide a breakdown of the copying, scanning, and demonstrative charges, that has been done in Tables 1 and 2 and the supporting exhibits containing the pertinent invoices for each outside-vendor item claimed. For most of the copying and related charges listed in the bill of costs, the Wolfsohn Declaration (along with the supporting Tables 1 and 2 and their attachments) affirms which specific copies or other services were made and for which aspect of the case. None of the items for which a claim is being made was merely for the convenience of counsel. Wolfsohn Decl. ¶ 9. As further explained in the Wolfsohn Declaration, to the extent that a description of the particular purpose of the copying or other service was not available, no claim is being made.

With respect to in-house copying (that is, copying performed by one of the two law firms that represented plaintiff and that was then billed to the client), defendants argue that no per-page amount or number of copies have been specified. Defts.' Opp. at p. 2 ¶ 5. While the case law does not appear to require such information, it now has, nonetheless, been provided. The Wolfsohn Declaration states that the copying charge at the Hangley firm was 20 cents per

page in 2005, and that the charge was 25 cents per page at the Woodcock firm. Wolfsohn Decl. ¶ 6. Simple division yields the number of pages for each invoice. Accordingly, more than sufficient information has been provided to support the copying and related charges to show that they were necessarily obtained for use in this case.

Finally, defendants complain about $670 "to cover expedited delivery of subpoenas . . . ." Defts. Opp. at 3 ¶ 6. It is not clear to what defendants are referring. If defendants are referring to the charges for the thirty-three subpoenas served in June 2005, an explanation for those charges is provided in the Wolfsohn Declaration at paragraph 12. With defendants falsely representing that the incriminating documents did not exist, and with a discovery cutoff only weeks away, plaintiff had to serve subpoenas as quickly as possible in an attempt to uncover defendants' infringement before the discovery deadline.

In closing, the copying costs in this case were substantial because of the unprecedented scope of defendants' huge infringement, which lasted over thirteen years. A single set of plaintiffs' proposed exhibits alone numbers approximately 50,000 pages, with much of that constituting defendants' infringing proposals. Wolfsohn Decl. ¶ 11. During discovery, plaintiff's counsel had to review and analyze many times that number in order to isolate the infringing proposals for use at trial. Judge Bartle's summary judgment ruling also made relevant many thousands of plaintiff's documents, which had to be produced to defendants and marked for use at trial. Defendants were also highly uncooperative during discovery, which made discovery much more expensive than it needed to be or should have been. And, finally, the costs incurred are now 5-6 years old. Despite the inflation during those years, defendants are only being asked to reimburse plaintiff at the nominal cost to plaintiff many years ago. In effect, defendants have had an interest free loan with respect to all of the claimed costs.

- 4 -

Accordingly, plaintiff respectfully requests that all the costs itemized in its bills of costs, as amended and supplemented by this submission, be awarded.

Respectfully submitted,

Dated: July 8, 2011

WOODCOCK WASHBURN LLP

By: _/s/ David J. Wolfsohn_
David J. Wolfsohn (Atty. ID # 57974)
Aleksander J. Goranin (Atty. ID # 92452)
2929 Arch Street
12th Floor, Cira Centre
Philadelphia, PA  19104
(215) 564-2222

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I David Wolfsohn hereby certify that on this 8th day of July, 2011, I caused a true and correct copy of the foregoing **Plaintiff's Response to Defendants' Opposition to Plaintiff's Bill of Costs** to be served on the following via CM/ECF and email:

>Thomas E. Zemaitis, Esquire
>Pepper Hamilton, LLP
>3000 Two Logan Square
>18th and Arch Streets
>Philadelphia, PA 19103-2799
>
>Floyd Abrams, Esquire
>Cahill Gordon & Reindel LLP
>80 Pine Street
>New York, NY 10005
>email: fabrams@cahill.com
>
>Attorneys for Defendants

>>*/s/ David J. Wolfsohn*
>>David J. Wolfsohn